**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**

| | |
|---|---|
| IBN BAILEY<br><br>Plaintiff,<br><br>v.<br><br>REACH, INC.<br><br>Defendant. | 1:25-cv-00009-ACP<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**<br>[Dkt. 27] |

Ibn Bailey filed a Motion for Summary Judgment against REACH, Inc., claiming that REACH was "grossly negligent" in hiring Dan Elstad as Executive Director. (Dkt. 27 at 1) REACH opposes because (1) Bailey did not assert this claim in his Complaint and (2) Bailey provided no evidence in support of his motion. (Dkt. 33 at 7-9) REACH is correct, and the motion is **DENIED** without prejudice.

Bailey's Complaint asserts that REACH discriminated against him in violation of specific federal laws. (Dkt. 1 at 3) The Complaint left the section for state law claims blank. (Dkt. 1 at 3) Therefore, the Complaint did not give REACH sufficient notice that Bailey would assert a state law negligence claim. Fed. R. Civ. P. 8(a); *see Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292-1294 (9th Cir. 2000) (holding plaintiff must provide notice during discovery phase to argue new theory of liability at summary judgment). Bailey may not add a negligence claim to his employment discrimination case through a motion for summary judgment.

Moreover, Bailey failed to provide any evidence in support of his motion. This means that even if the motion were procedurally valid, Bailey would not have met his burden under the summary judgment standard. *See* Fed. R. Civ. P. 56(a), (c)(1); *Hollis v. R&R Restaurants, Inc*, 159 F.4th 677, 683 (9th Cir. 2025); *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000).

Bailey's Motion for Summary Judgment is **DENIED** without prejudice.

IT IS SO ORDERED.

DATED September 21, 2026, at Anchorage, Alaska.

/s/ *Aaron Christian Peterson*
Aaron Christian Peterson
United States District Judge